IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-01515-CMA-KLM

ROBERT E. GOODSON,

    Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General of the United States Postal Service,

    Defendant.

─────────────────────────────────────────────────────────

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO GARNISHMENT**
─────────────────────────────────────────────────────────

This matter is before the Court on Plaintiff Robert E. Goodson's Objections to Writ of Continuing Garnishment. (Doc. ## 107, 108.) The Court has reviewed the record and determined that a hearing is not necessary. For the reasons discussed below, the Court concludes that Plaintiff's Objections lack legal merit.

### I.     BACKGROUND

United States Magistrate Judge Kristen L. Mix thoroughly recited the factual and procedural background of this litigation in her February 27, 2018 Recommendation on the parties' competing Motions for Summary Judgment (Doc. # 96), which this Court affirmed and adopted on March 19, 2018 (Doc. # 97). The factual and procedural background detailed in the Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Objections.

On March 19, 2018, the Court granted Defendant Postmaster General of the United States Postal Service Megan J. Brennan's Motion for Summary Judgment and dismissed all of Plaintiff's claims against Defendant with prejudice. (Doc. # 97.) The Court awarded Defendant her reasonable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and D.C.COLO.LCivR. 54.1 because she was the prevailing party. (*Id.* at 2.) After a hearing on September 12, 2018, regarding Defendant's proposed Bill of Costs, the Clerk of the Court taxed costs in the amount of $418.95 against Plaintiff and in favor of Defendant; these costs were for the court reporters' fees Defendant incurred. (Doc. # 102.)

Several months later, on May 30, 2019, Defendant applied for a Writ of Continuing Garnishment upon the full amount of the judgment entered against Plaintiff, $418.95, because a balance of that amount remained outstanding. (Doc. # 104.) Pursuant to 28 U.S.C. § 3205(b)(1), Defendant identified Lowe's Home Improvement – Corporate Office ("Garnishee Lowe's") as the garnishee and asserted that Garnishee Lowe's is "believed to owe or will owe money or property to [Plaintiff], or is in possession of property of [Plaintiff]." (*Id.* at 2.) The Clerk of the Court issued the Writ of Continuing Garnishment to Garnishee Lowe's on the same day, May 30, 2019. (Doc. # 105.)

Garnishee Lowe's filed its Answer to the Writ on Garnishment on June 17, 2019, and stated that Plaintiff is an active, full-time employee earning $19.42 per hour and is paid on a bi-weekly basis. (Doc. # 106 at 2.) Garnishee Lowe's asserted that it had

"initiated action . . . as directed" and that "deductions [would] begin for the bi-weekly payroll period ending 6/14/19." (*Id.*)

Plaintiff filed two identical Objections to the Writ of Continuing Garnishment on June 25 and June 27, 2019. (Doc. ## 107, 108.) The Objection filed June 27, 2019, includes as an exhibit a letter from the Deputy Circuit Executive of the Tenth Circuit regarding Plaintiff's petition for review of Judicial Complaint No. 10-18-90012, which Plaintiff filed against Magistrate Judge Mix. (Doc. # 108-1.) In his Objections, Plaintiff states that the garnishment of his wages is "premature" in light of his request for review of his judicial complaint against Magistrate Judge Mix. (Doc. # 108.) Plaintiff asserts that he "believes he does not owe the debt and will be made whole," presumably upon the resolution of his judicial complaint. (*Id.* at 2.) He requests "a hearing on whether the debt is valid pending a decision by the Judicial Counsel" on his judicial complaint. (*Id.* at 2.)

## II. APPLICABLE LEGAL RULES

### A. *PRO SE* STATUS

When a party proceeds *pro se*, as Plaintiff does here, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, *1110* (10th Cir. 1991).

## B. GARNISHMENT UNDER THE FAIR DEBT COLLECTION PROCEDURES ACT

The Fair Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, affords the United States procedures to collect its debts, including postjudgment debts. *F.T.C. v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2012 WL 3111871, *2 (D. Kan. July 31, 2012). Among other things, the FDCPA allows the United States to garnish property in the hands of third parties to enforce a judgment debt. *Payne v. Nat'l Sec. Agency*, Civil No. 97-266 MCA/LFG, 2008 WL 11451902, *4 (D.N.M. March 27, 2008) (citing 28 U.S.C. § 3205(a)). Specifically, 28 U.S.C. § 3205(a) provides:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . . A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in [28 U.S.C. § 3205(c)(10)].

28 U.S.C. § 3205(a). If the United States obtains a writ of garnishment, it must serve the writ both to the garnishee and to the judgment debtor. 28 U.S.C. § 3205(c)(3); *see United States v. Holcomb*, No. 09-20003-JWL, 2012 WL 5306257, *2 (D. Kan. Oct. 2012) (explaining procedures applicable to a writ of garnishment pursuant to 28 U.S.C. § 3205(c)). The garnishee must submit a written answer to the court that issued the writ and serve a copy of its answer on the judgment debtor and on the United States. 28 U.S.C. § 3205(c)(4). In its answer, the garnishee must, in part, identify any property in its custody, control, or possession that is subject to the writ. *Id*. Within 20 days of the garnishee's answer:

> [T]he **judgment debtor** or the United States may file a **written objection** to the answer and request a hearing. **The party objecting shall state the grounds for the objection and bear the burden of proving such**

4

> **grounds**. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties.

28 U.S.C. § 3205(c)(5) (emphasis added). Though the party objecting to the answer may request a hearing on the writ of garnishment, *see id.*, courts in this jurisdiction have determined, based on their review of the records, that a hearing was not necessary. *See, e.g.*, *United States v. Dixon*, No. 03-20121-CM, 2007 WL 163245, *1 (D. Kan. Jan. 18, 2007) (deciding that a judgment debtor's objections to the answer of the garnishee did not necessitate a hearing).

### III. DISCUSSION

As the judgment debtor in this matter, Plaintiff objects to the Writ of Continuing Garnishment pursuant to 28 U.S.C. § 3205(c)(5). *See* (Doc. ## 107, 108.) Plaintiff accordingly must "state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5).

Plaintiff fails to carry his burden to prove the grounds for his Objections to the Writ of Continuing Garnishment. *See* (Doc. ## 107, 108.) That he has filed Judicial Complaint No. 10-18-90012 against Magistrate Judge Mix and that the Circuit Executive for the Tenth Circuit has submitted his "petition for review" to the Judicial Council do not persuade the Court that the Writ of Continuing Garnishment in this matter is, as he argues, premature. *See* (Doc. # 108 at 1; Doc. # 108-1.) Even viewing Plaintiff's Objections liberally, *see Trackwell*, 472 F.3d at 1243, the Court does not have **any** information about the subject matter of Plaintiff's judicial complaint and, specifically, whether it is related to the debt Plaintiff owes to the United States pursuant to this Court's Final Judgment. *See* (Doc. ## 97, 98.) The Court is also unaware of the status

of Plaintiff's judicial complaint. Though he filed his Objections on June 25 and 27, 2019, the letter from the Circuit Executive regarding Plaintiff's "petition for review" of his judicial complaint that Plaintiff attached as an exhibit to his later-filed Objection is dated May 2, 2019. (Doc. # 108-1.) Plaintiff does not inform the Court whether the status of his judicial complaint has changed in the months since the Circuit Executive acknowledged its receipt. Without this and other details about his judicial complaint, this Court is unable to conclude that the Writ of Continuing Garnishment is premature. Plaintiff has simply not set forth a legal basis for exemption from garnishment, nor has the Court's own research found any authority that would support Plaintiff's Objections.

## IV.    CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's Objections to Writ of Continuing Garnishment. (Doc. ## 107, 108.) It is

FURTHER ORDERED that the Court AFFIRMS the Writ of Continuing Garnishment issued by the Clerk of the Court on May 30, 2019. (Doc. # 105.)

DATED: July 8, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge